IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
FILED: JUN 6, 2008
08CV3279
JUDGE NORGLE
MAGISTRATE JUDGE ASHMAN
RCC
```

| | |
|---|---|
| LAVERNE DARBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. |
| | ) |
| UNITED RECOVERY SERVICE LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, LAVERNE DARBY, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., complaining against the Defendant, UNITED RECOVERY SERVICE, LLC, and alleging as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, et seq.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

## PARTIES

3. Plaintiff, LAVERNE DARBY, is an individual who was at all relevant times residing in the City of Gary, State of Indiana.

4. At all relevant times herein, Defendant, UNITED RECOVERY SERVICE, LLC, acted as a debt collector within the meaning of 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to NWI Pathology.

5. Defendant is a corporation that has its principal place of business and its offices located in the City of Lansing, State of Illinois.

## ALLEGATIONS
## COUNT I -
## VIOLATIONS OF THE FDCPA v.

6. LAVERNE DARBY ("Plaintiff") received a letter from UNITED RECOVERY SERVICE, LLC ("Defendant") dated October 23, 2007, that stated Plaintiff owed a debt in the amount of $227 to NWI Pathology.

6. On or about May 8, 2008, Plaintiff spoke to a representative of the Defendant, named "Ms. Clark," regarding the NWI Pathology medical debt allegedly owed by Plaintiff.

7. During this phone call, Defendant offered to settle the debt with Plaintiff if she postdated a check for May 21, 2008 in the amount of $149.55.

8. Plaintiff accepted Defendant's settlement offer, and provided Ms. Clark with her bank account information , but warned that she may not have the funds in her bank account until June 1, 2008.

8. Defendant proceeded to assure Plaintiff that they would call her before they deposited her postdated check to ensure the funds were available in her bank account.

9. On or about May 15, 2008, (six days prior to the date on Plaintiff's postdated instrument,) the Defendant cashed Plaintiff's postdated check, withdrawing $149.55 from her bank account.

10. Prior to cashing Plaintiff's postdated check, Defendant did not call Plaintiff, nor did they send her written notice of their intent to cash her check early.

11. Defendant's withdraw caused Plaintiff's bank account balance to be overdrawn and as a result, her bank has charged her multiple insufficient funds (NSF) fees.

2

12. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

   a. Attempted the collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §1692f(1);

   b. Accepted a check postdated by more than five days without notifying Plaintiff in writing of the collector's intent to deposit such check not more than ten nor less than three business days prior to such deposit in violation of 15 U.S.C. §1692f(3);

   c. Deposited a postdated check prior to the date on such check in violation of 15 U.S.C. §1692f(4);

   d. Was otherwise deceptive and failed to comply in anyway with the Fair Debt Collection Practices Act.

13. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LAVERNE DARBY, by and through her attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00 for each violation as identified above;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

***\*\*\*PLAINTIFF REQUESTS A TRIAL BY JURY \*\*\****

        Respectfully Submitted,
        **LAVERNE DARBY**


By:   s/Larry P. Smith
        Attorney for Plaintiff

LARRY P. SMITH & ASSOCIATES, LTD.
Attorneys for Plaintiff
205 N. Michigan Ave, Suite 4000
Chicago, Illinois 60601
Tel: (312) 222-9028
Fax: (312) 602-3911