IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAVERNE DARBY, | ) |
| Plaintiff, | ) |
| | ) Case No. 08 CV 3279 |
| vs. | ) |
| | ) |
| UNITED RECOVERY SERVICE LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT**

NOW COMES, the Defendant UNITED RECOVERY SERVICE, LLC, by and through its counsel, ERA R. LAUDERMILK, in its Answer and Affirmative Defenses to Plaintiff LAVERNE DARBY'S Complaint, states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations for the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. § 1692, et. seq.

**ANSWER:** Defendant UNITED RECOVERY SERVICE LLC, admits that this is an action for actual and statutory damages for alleged violations of the FDCPA §1692, et. seq. as alleged in paragraph 1 of the Complaint, however Defendant denies that it engaged in any unfair or unconscionable collection methods or that it violated the FDCPA in any way.

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq.

**ANSWER:** Defendant UNITED RECOVERY SERVICE LLC, admits that Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

**PARTIES**

3. Plaintiff, LAVERNE DARBY, is an individual who was at all relevant times residing in the City of Gary, State of Indiana.

**ANSWER:** Defendant UNITED RECOVERY SERVICE LLC, upon information and belief, admits the allegations contained in paragraph 3.

4. At all relevant times herein, Defendant, UNITED RECOVERY SERVICE, LLC, acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to NWI Pathology.

**ANSWER:** Defendant UNITED RECOVERY SERVICE LLC, admits that it acts as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and that it is a company that was charged with collecting a debt owed to NWI Pathology by Plaintiff.

5. Defendant is a corporation that has its principal place of business and its office located in the City of Lansing, State of Illinois.

**ANSWER:** Defendant UNITED RECOVERY SERVICE LLC admits that it is a corporation that its principal place of business/office is located in the City of Lansing, State of Illinois.

### ALLEGATIONS – COUNT I
### VIOLATIONS OF THE FDCPA v.

6. LAVERNE DARBY ("Plaintiff") received a letter from UNITED RECOVERY SERVICE, LLC ("Defendant") dated October 23, 2007, that stated Plaintiff owed a debt in the amount of $227 to NWI Pathology.

**ANSWER:** Defendant UNITED RECOVERY SERVICE LLC, admits that it sent Plaintiff a letter dated October 23, 2007, seeking payment of debt Plaintiff owed to NWI Pathology in the amount of $227.00 (Two Hundred Twenty Seven Dollars). UNITED RECOVERY LLC has insufficient knowledge or information to form a belief as to the remaining allegations in the first paragraph 6 of the Complaint and therefore denies the same.

6. On or about May 8, 2008, Plaintiff spoke to a representative of the Defendant, named "Ms. Clark," regarding the NWI Pathology medical debt allegedly owed by Plaintiff.

**ANSWER:** Defendant UNITED RECOVERY SERVICE LLC denies the allegations contained in the second paragraph 6 of the Complaint, each and every one of them.

7. During this phone call, Defendant offered to settle the debt with Plaintiff if she postdated a check for May 21, 2008 in the amount of $149.55.

**ANSWER:** Defendant UNITED RECOVERY SERVICE LLC admits that UNITED RECOVERY SERVICE LLC agreed to settle the debt with Plaintiff for the amount of $149.55. UNITED RECOVERY SERVICE LLC denies any remaining allegations in paragraph 7 of the Complaint that Defendant does not specifically admit, each and every one of them.

8. Plaintiff accepted Defendant's settlement offer, and provided Ms. Clark with her bank account information, but warned that she may not have the funds in her bank account until June 1, 2008.

**ANSWER:** Defendant UNITED RECOVERY SERVICE LLC admits that Plaintiff accepted Defendant's settlement offer to settle the debt in the amount of $149.55. UNITED RECOVERY denies any remaining allegations in the first paragraph 8 of the Complaint that Defendant does not specifically admit, each and every one of them.

8. Defendant proceeded to assure Plaintiff that they would call her before they deposited her postdated check to ensure the funds were available in her bank account.

**ANSWER:** Defendant UNITED RECOVERY SERVICE LLC denies the allegations contained in the second paragraph 8 of the Complaint, each and every one of them.

9. On or about May 15, 2008, (six days prior to the date on Plaintiff's postdated instrument,) the Defendant cashed Plaintiff's postdated check, withdrawing $149.55 from her bank account.

**ANSWER:** Defendant UNITED RECOVERY SERVICE LLC admits that on or about May 15, 2008, Defendant charged Plaintiff's debit card in the amount of $149.55 after receiving authorization from Plaintiff to do so at that time. Defendant denies any remaining allegations in paragraph 9 that Defendant does not specifically admit, each and every one of them.

10. Prior to cashing Plaintiff's postdated check, Defendant did not call Plaintiff, nor did they send her written notice of their intent to cash her check early.

**ANSWER:** Defendant UNITED RECOVERY SERVICE LLC, denies the allegations contained in paragraph 10 of the Complaint, each and every one of them.

11. Defendant's withdraw [sic] caused Plaintiff's bank account balance to be overdrawn and as a result, her bank has charged her multiple insufficient funds (NSF) fees.

**ANSWER:** Defendant UNITED RECOVERY SERVICE LLC, has insufficient knowledge or information to form a belief as to whether Plaintiff's bank account balance was overdrawn, resulting in her bank charging her multiple insufficient funds (NSF) fees and therefore denies the allegations contained in paragraph 11 of the Complaint, each and every one of them.

12. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

   a. Attempted the collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly

       authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §1692f(1);

   b. Accepted a check postdated by more than five days without notifying Plaintiff in writing of the collector's intent to deposit such check not more than ten nor less than three business days prior to such deposit in violation of 15 U.S.C. §1692f(3);

   c. Deposited a postdated check prior to the date on such check in violation of 15 U.S.C. §1692f(4);

   d. Was otherwise deceptive and failed to comply in anyway with the Fair Debt Collection Practices Act.

**ANSWER:** Defendant UNITED RECOVERY SERVICE LLC, denies the allegations contained in paragraphs 12, 12(a), 12(b), 12(c), and 12(d) of the Complaint, each and every one of them.

13. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

**ANSWER:** Defendant UNITED RECOVERY SERVICE LLC, denies that it committed any "violations" and denies the same as legal conclusions. Further, UNITED RECOVER SERVICE, LLC, has insufficient knowledge or information as to whether Plaintiff suffered and/or continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and therefore Defendant denies the allegations contained in paragraph 13, each and every one of them.

## AFFIRMATIVE DEFENSES

Without prejudice to its denials or other statements in its pleadings, Defendant, UNITED RECOVERY LLC, by and through its counsel, ERA R. LAUDERMILK, state for its affirmative defenses to Plaintiff's Complaint the following:

1. Plaintiff failed to state a cause of action for a violation of the FDCPA 15 U.S.C. § 1692 *et seq*.

2. Plaintiff has failed to mitigate her damages, if any.

3. Pursuant to 15 U.S.C. § 1692k(c), "[a] debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid

such error." On information and belief, if any FDCPA violation is found, that said violation was not intentional, resulted from a bona fide error, and that Defendant maintained procedures reasonably adapted to avoid such an error.

WHEREFORE, Defendant, UNITED RECOVERY SERVICE LLC, by and through its attorney, ERA R. LAUDERMILK, respectfully requests that this Honorable Court, enter judgment against Plaintiff LAVERNE DARBY and instead that judgment be entered in favor of Defendant UNITED RECOVERY SERVICE LLC, and that Defendant be awarded its costs and fees incurred herein, and that this Honorable Court enter any other such relief that it deems is just, necessary and proper for this action so wrongfully brought.

Respectfully submitted,

**ERA R. LAUDERMILK**

By: ___/s/ Era R. Laudermilk_____
Attorney for Defendant

**ERA R. LAUDERMILK**
**Woods & Evans, LLC**
**4747 Lincoln Mall Drive, Ste 410**
**Matteson, Illinois 60430**
**(708) 647-8200**
**(708)747-2390 (Fax)**
**Attorney No. 6290011**